FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 NOV -6 PM 1: 13
CLERK R. ask
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DWIGHT LADON ALLEN,

    Plaintiff,

vs.

PRESTON RHOVES, KATHERINE ZELLS, STEPHEN BERRY, CHARLENE SEARS, and DAVID RAINER, as Commissioners of Camden County, Georgia; STEPHEN KELLY, District Attorney; DIANNE DODDS, Assistant District Attorney; JOHN DOE Chief of Police; Officer WAYNE E. MAY; Officer JOHN WILLIAMS, and Officer BILAAL MUHAMMAD,

    Defendants.

CIVIL ACTION NO.: CV207-113

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently detained at the Camden County Jail in Woodbine, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends Defendants Stephen Kelly and Dianne Dodds, the District Attorney and an Assistant District Attorney, maliciously prosecuted him by charging him with ten offenses in two separate indictments, even though both cases involved the same victim. Plaintiff asserts he already went to trial and was found "not guilty" on six of the ten charges he faced, and that Defendants Kelly and Dodds "withheld the other charges from trial to further their malicious attack" against him. (Compl., p. 4). Plaintiff

also asserts he has been in the Camden County Jail for twenty months and still is awaiting trial on the other four charges.

Prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427, 96 S. Ct. at 991. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. As Plaintiff has not alleged that Defendants Kelly and Dodds acted outside the scope of their positions, Plaintiff cannot maintain a claim against these Defendants.

Plaintiff also contends Defendants Preston Rhoves, Katherine Zells, Stephen Berry, Charlene Sears, and David Rainer, Camden County Commissioners, "allow the tax payer's dollar's (sic) to have District Attorneys who are not trained to follow the law" and that this has caused him to be subjected to malicious prosecution.

While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), county commissions, as mere arms of such governments, are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). However, a county commission can be held liable if its "official policy" causes a constitutional violation. Id. at 1329. Plaintiff has not set forth claims sufficient

to show the Camden County Board of Commissioners has an official policy which would allow for Plaintiff's malicious prosecution claims. Plaintiff's claims against Defendants Rhoves, Zells, Berry, Sears, and Rainer should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Kelly, Dodds, Rhoves, Zell, Berry, Sears, and Rainer be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 6th day of November, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE