DWIGHT LADON ALLEN,

       Plaintiff,

    vs.

TIMOTHY HATCH, Chief of Police;
Officer WAYNE E. MAY; Officer
JOHN WILLIAMS, and Officer
BILAAL MUHAMMAD,

       Defendants.

CIVIL ACTION NO.: CV207-113

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dwight Allen ("Plaintiff"), who is currently housed at the Glynn County Detention Center, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment. Plaintiff filed a Response, to which Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts Defendants Wayne May, John Williams, and Bilaal Muhammed arrested him on July 28, 2005, for "terroristic threats, aggravated stalking X2, simple battery, false imprisonment, and criminal tresspassing (sic)", even though they knew these events could not have happened after questioning the victim. (Compl., p. 3). Plaintiff contends Defendants May, Williams, and Muhammed subjected him to false arrest. Plaintiff also asserts Defendant Hatch, the Chief of Police in St. Mary's, Georgia, failed to properly train and supervise his employees who were involved in the false arrest.

AO 72A
(Rev. 8/82)

Defendants contend Plaintiff's claims are barred by the applicable statute of limitations. Defendants also contend Plaintiff fails to state a constitutional claim against them. Further, Defendant Hatch asserts Plaintiff's claims against him are barred by qualified immunity principles.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the

record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Because a false arrest claim is akin to a false imprisonment claim, both of these claims are subject to a statute of limitations. Wallace v. Kato, 549 U.S. 384, 389 (2007). To determine the applicable statute of limitations in a section 1983 case, courts are to look to the laws of the state in which the cause of action arose. However, courts are to look at federal law to determine when a § 1983 cause of action accrues. Id. at 388. The accrual date for an action filed pursuant to section 1983 is "governed by federal rules conforming in general to common-law tort principles." Id. "Under those principles, it is 'the standard rule that accrual occurs when the plaintiff has a complete and present cause of action[,] that is, when the plaintiff can file suit and obtain relief.'" Id. (internal punctuation and citation omitted). An action for false imprisonment[1] accrues when the prisoner "becomes held pursuant to [legal] process[.]" Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008) (internal citations omitted).

False imprisonment "consists of detention without legal process" and "ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389 (emphasis in original).

---

[1] In Wallace, the Supreme Court noted that false arrest is a species of false imprisonment. Wallace, 549 U.S. at 388. The Court referred "to the two torts together as false imprisonment[ ]" because that "tort provides the proper analogy" and is the "sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*[.]" Id. at 389 (emphasis in original). Thus, a false arrest claim is based on detention without legal process at the time of the alleged false arrest. See id.

Plaintiff's arrest occurred within the State of Georgia, and a cause of action based on his arrest must have been brought with two (2) years after the event giving rise to the injury. See O.C.G.A. § 9-3-33; Reese v. City of Atlanta, 247 Ga. App. 701, 702, 545 S.E.2d 96, 98 (2001).

Plaintiff was arrested by Defendants May, Williams, and Muhammed on July 28, 2005. On July 30, 2005, Plaintiff appeared before the Camden County Magistrate, who set Plaintiff's bond at $11,600.00. (Doc. No. 39-2, pp. 1-2). Thus, Plaintiff's cause of action accrued on July 30, 2005, and he had two (2) years from that date, or July 30, 2007, by which to file a cause of action in federal court. Plaintiff's Complaint was signed on September 11, 2007, and filed in this Court on September 19, 2007. Plaintiff's claims against Defendants May, Williams, and Muhammed are barred by the applicable statute of limitations. Although Plaintiff does not assert Defendant Hatch took part in the alleged false arrest, Plaintiff's claims against Defendant Hatch stem from Plaintiff's contention that Defendant Hatch is responsible for the actions of his employees based on his position as Chief of Police. As Plaintiff's claims against Defendant Hatch stem from the alleged false arrest, Plaintiff's claims for failure to train and to supervise made against Defendant Hatch likewise are barred by the applicable statute of limitations.

Plaintiff's seeming assertion the statute of limitations did not begin until December 20, 2005, the date he was released from jail, is unavailing.[2] The statute of limitations period for Plaintiff's cause of action began on July 30, 2005, the date he appeared before a county magistrate.

---

[2] See Wallace, 549 U.S. at 390, rejecting the petitioner's contention that his false imprisonment ended upon his release from custody.

It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**.    It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___9th___ day of February, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE